# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

SAMUEL GLENN GARWOOD,

        Petitioner,

v.                                                 CIVIL ACTION NO. 2:16-cv-05672
                                                (Criminal No. 2:12-cr-00045)

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioner's June 23, 2016 *Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255* (Document 10), brought on the grounds that his sentence as a career offender is improper in view of *Johnson v. United States*, 135 S. Ct. 2251 (2015).

By *Standing Order* (Document 9) entered on June 27, 2016, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court[1] of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On August 8, 2017, Magistrate Judge Aboulhosn submitted a *Proposed Findings and Recommendation* (PF&R) (Document 23) wherein it is recommended that this Court grant the Petitioner's *Motion to Dismiss § 2255 Motion* (Document 21) and dismiss the Petitioner's Section 2255 motion from the Court's docket. The United States timely filed its *Objections to Proposed Findings and Recommendation* (Document 24).

---

[1] This action was originally assigned to the Honorable Judge Thomas E. Johnston. Pursuant to the Clerk of Court's *Order* (Document 25) entered on January 26, 2018, the case was re-assigned to the Honorable Judge Irene C. Berger.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2011, the Petitioner, Samuel Garwood, was convicted of three counts of bank robbery. On May 4, 2012, he was sentenced as a career offender under Section 4B1.1 of the United States Sentencing Guidelines based on prior bank robbery convictions in 2002 and 2004, which the Court considered to be "crimes of violence." On June 23, 2016, in view of the United States Supreme Court's decision in *Johnson*, Mr. Garwood, through court-appointed counsel, filed an emergency Section 2255 motion to have his 2012 sentence corrected. On July 19, 2016, the United States filed a motion (Document 15) to stay Mr. Garwood's action pending the Supreme Court's decision in *Beckles v. United States*, 136 S. Ct. 2510 (2016). While that motion was still pending, on May 17, 2017, Mr. Garwood filed a motion to voluntarily dismiss his Section 2255 petition in response to the Supreme Court's decision in *Beckles*. The United States did not object to the dismissal of Mr. Garwood's emergency motion, but requested that the petition be dismissed with prejudice rather than without prejudice. Magistrate Judge Aboulhosn recommended that this Court grant Mr. Garwood's motion and dismiss the petition without prejudice.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

**DISCUSSION**

In his PF&R, Magistrate Judge Aboulhosn recommends that Mr. Garwood's motion to voluntarily dismiss be granted and his Section 2255 Petition be dismissed without prejudice. Judge Aboulhosn reasoned that the petition should be dismissed without prejudice because the Court will not be ruling on the merits of the petition. Judge Aboulhosn found that, while the United States would not be prejudiced by a dismissal of the Plaintiff's Section 2255 petition without prejudice, it would be prejudicial to the Petitioner to dismiss the petition with prejudice. Judge Aboulhosn reasoned that a dismissal with prejudice would constitute a denial of the motion, and render any future filing of a Section 2255 petition a second or successive motion requiring authorization from the Fourth Circuit. Because Mr. Garwood seeks to voluntarily dismiss his petition without the Court having reached any decision on the merits, Judge Aboulhosn recommended dismissal without prejudice so that a future attempt by Mr. Garwood to present a Section 2255 motion would not be encumbered.

The United States argues that to dismiss the Petitioner's Section 2255 motion without prejudice would be prejudicial to the United States and would be "at odds with the structure and purpose of habeas review under [Section] 2255." (United States' Obj., at 2.) The United States argues that dismissal without prejudice will be prejudicial because it may force it to defend against another Section 2255 motion with "different and distinct grounds," and because it would unfairly

give Mr. Garwood more than the "one clear shot" of challenging his conviction for which he is entitled. (*Id.* at 3.)

The Court finds that the United States' objections should be overruled. In *Johnson*, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act, defining violent felonies to include a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *Johnson v. United States*, 135 S.Ct. 2551, 2555-57 (2015). The Supreme Court subsequently held that *Johnson's* reasoning was not applicable to challenges to the similar definition of a crime of violence contained in the advisory sentencing guidelines, given that the Guidelines "merely guide the district courts' discretion." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017) (addressing only the advisory Guidelines, and not opining as to the constitutionality of the residual clause of the career offender provision in the mandatory Guidelines). In response to the *Beckles* decision, Mr. Garwood, through counsel, moved to voluntarily dismiss his Section 2255 motion, with the likely understanding that it would be unsuccessful, and the United States agrees that such action is appropriate. Given that the Court has failed to reach the merits of Mr. Garwood's motion, it would be improper to dismiss the issue with prejudice.

As Magistrate Judge Aboulhosn pointed out, the record does not reflect that the United States has spent considerable time in defending the motion. Further, because the merits of this petition have not been addressed, the United States' argument that dismissal without prejudice would unfairly allow Mr. Garwood more than one attempt at a Section 2255 motion is tenuous. Mr. Garwood has not had any of the merits[2] of this Section 2255 motion addressed, and thus,

---

[2] The United States argues that it filed a motion to dismiss the petition based on Mr. Garwood's appellate waiver, and that the Court should address that motion, thus rendering a decision on the merits. The Magistrate Judge did not

4

would not be afforded more than one attempt at challenging his conviction if he filed another petition that was addressed on its merits. Therefore, Mr. Garwood's petition should be dismissed without prejudice.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *United States Objection to Proposed Findings and Recommendation* (Document 24) be **OVERRULED** and that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 23) be **ADOPTED**. The Court further **ORDERS** that the Petitioner's *Motion to Dismiss § 2255 Motion* (Document 21) be **GRANTED**, that the *Motion of the United States to Withdraw Referral to Magistrate Judge and Stay Case Pending Supreme Court Ruling* (Document 15) and the *Motion of the United States to Withdraw Referral to Magistrate Judge and to Dismiss* (Document 19) be **TERMINATED AS MOOT**, that Petitioner's *Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255* (Document 10) be **DISMISSED WITHOUT PREJUDICE,** and that this matter be stricken from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: May 15, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

address that motion, and this Court need not address it now. Even if it did, however, it would not specifically address the merits of Mr. Garwood's petition, but whether he had waived his right to collaterally attack his conviction and sentence under Section 2255.